IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHONDA D. SHAIRD, on behalf of HJS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 05-CV-3720 |
| | : | |
| **JO ANNE B. BARNHART,** *Commissioner of the* | : | |
| *Social Security Administration* | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                       **October    11,  2006**

      Plaintiff Rhonda D. Shaird ("Plaintiff") brings this action on behalf of her minor child "HJS" seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying HJS's application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(f).  Plaintiff and the Commissioner filed cross motions for summary judgment.  The Court designated United States Magistrate Judge Thomas J. Rueter to submit a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(d)(1)(C).

      In his Report and Recommendation, Magistrate Judge Rueter recommended that the Court grant the Commissioner's Motion for Summary Judgment and deny Plaintiff's Motion.  Plaintiff subsequently filed "Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge" ("Objections"), which, despite their untimeliness, the Court addresses below.[1]  Having reviewed the Report and Recommendation and Plaintiff's Objections, the Court will approve and adopt the Report and Recommendation.

---

[1]    Local Civil Rule 72.1(IV)(b) provides that any party may object to a magistrate judge's report and recommendation within ten (10) days after issuance of the report.  Magistrate Judge Rueter's Report and Recommendation was issued on March 31, 2006.  Plaintiff did not file her Objections until April 20, 2006, after the expiration of the ten-day period.

I.      **Procedural History**

HJS is a ten-year-old male born on November 19, 1995.  R. at 20.  Plaintiff applied for SSI on his behalf on July 21, 2003, alleging disability beginning May 15, 2003.  R. at 15, 16.  When the application was denied, Plaintiff requested a hearing before an administrative law judge ("ALJ").  R. at 22-27.  The hearing took place on May 6, 2004 before ALJ Linda Bernstein.  R. at 209-37.  Plaintiff, HJS, and pediatric medical expert ("ME"), A. Faye Rogers-Lomax, D.O. testified at the hearing.  Id.  The ALJ held a supplemental hearing on September 8, 2004 after the ME had an opportunity to review new evidence submitted by Plaintiff at the May 6 hearing.  R. at 177-208.  In an opinion issued on September 23, 2004, the ALJ found that HJS has a "severe" impairment, but that it does not meet or medically equal any of the listed impairments in Part B of Appendix 1 to Subpart P of 20 C.F.R 404 (20 C.F.R. § 416.924(d), 416.925 and 416.926) and, accordingly, that HJS was not eligible for benefits.  R. at 20-21.  The Appeals Council denied Plaintiff's request for review.  R. at 3-5.  Plaintiff now appeals the ALJ's determination to this Court.

II.     **Standard of Review**

A.      **The Commissioner's Decision**

Judicial review of a Social Security case is based upon the pleadings and the transcript of the record.  42 U.S.C. § 405(g).  The scope of the Court's review of the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); Jeserum v. Sec'y of the United States Dep't of Health & Human

Servs., 48 F.3d 114, 117 (3d Cir. 1995).

"The Court is bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see also Plummer, 186 F.3d at 427 (noting that "substantial evidence" has been defined as "more than a mere scintilla"). "The court cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).

### B. The Magistrate Judge's Report and Recommendation

The Court, however, must review de novo those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. See 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate." Id.

### III. Social Security Law

Title XVI of the Act provides for the payment of disability benefits to indigent persons under the SSI program. 42 U.S.C. § 1382(a). A child is considered "disabled" and thereby entitled to benefits under the Act if he or she "has a medically determined physical or mental impairment which results in marked or severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." Id. at § 1382c(a)(3)(C)(I). The claimant carries the initial burden of proving disability. Plummer, 186 F.3d at 428.

Under the Social Security regulations, an application for child disability benefits is evaluated according to a three-step sequential process. 20 C.F.R. § 416.924. This process requires the presiding ALJ to review in sequence: (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a medically determinable impairment or combination of impairments that is severe; and (3) whether the child's impairments, considered alone or in combination, meet or equal any listing set forth in 20 C.F.R. 404, Subpart P, Appendix 1. Id.

## IV. The ALJ's Decision

Using the sequential evaluation process, the ALJ initially found that HJS had satisfied the requirements of step one because he had never engaged in substantial gainful activity since the alleged onset date. R. at 16. At step two, the ALJ found that HJS has been diagnosed with attention deficit hyperactivity disorder (ADHD) and has borderline intellectual functioning (BIF), which are severe within the meaning of 20 C.F.R. § 416.924(c) and Social Security Rulings 96-3p and 85-28. R. at 16. Consequently, the ALJ progressed to step three of the analysis. There, she found that HJS's "BIF does not meet or medically equal the severity of any impairment listed in Part B of Appendix 1 to Subpart P, (20 CFR §§ 416.924(d)(1), 416.925 and 416.926)" and that HJS "does not have an 'extreme' limitation in any domain of functioning, a 'marked' limitation in two domains of functioning, and does not functionally equal the severity of the listings (20 CFR §§ 416.924(d) and 416.926(a))." R. at 20-21. Because HJS's impairments did not satisfy the step three requirements, the ALJ found that he was not disabled and consequently not entitled to benefits. R. at 21.

V.      <u>Analysis</u>

    A.      **Plaintiff's Objections are Procedurally Deficient**

Local Rule of Civil Procedure 72.1(IV)(b) provides that a party seeking to object to a magistrate judge's report and recommendation shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Local R. of Civ. Pro. 72.1(IV)(b). "General or blanket objections do not comply with the specificity requirement of Local Rule 72.1(IV)(b) and therefore, need not be addressed by the district court." <u>Facyson v. Barnhart</u>, 2003 WL 22436274, at *1 (E.D. Pa. May 30, 2003) (citing <u>Palmer v. Apfel</u>, 995 F.Supp. 549, 552 n. 4 (E.D. Pa. 1998)). "Although the Third Circuit requires that a district court judge always 'give some reasoned consideration to the [Magistrate Judge's Report and Recommendation] before adopting it as the decision of the court' ... the court must consider <u>de novo</u> only those portions of the Report and Recommendation to which a specific and timely objection has been asserted." <u>Id.</u> at *2 (citations omitted). When specific objections are not filed, the district court need only review the record for plain error or manifest injustice. <u>See id.</u>

In his Report and Recommendation, Magistrate Judge Rueter found that the ALJ's determination of whether Plaintiff's mental impairments met, medically equaled, or functionally equaled the requirements of Listing 112.11 was supported by substantial evidence. Plaintiff's Objections to the Report and Recommendation, filed by counsel, were limited to a half page which simply stated "Plaintiff stands by the arguments presented in Plaintiff's Motion for Summary Judgment at pages 9-15." <u>See</u> Objections at 1. This "objection" is, at best, "a blanket objection demonstrating plaintiff's general dissatisfaction and disagreement with the Report and

Recommendation." Facyson, 2003 WL 22436274 at *2. It does not meet the specificity requirements of Local Rule 72.1(IV)(b). Accordingly, the Court will not review the Magistrate Judge's report de novo, but rather will review it only for plain error.

**B.   The Magistrate Judge's Report and Recommendation Does Not Suffer from Any Plain Errors**

Plaintiff contends in her summary judgment motion (which, as noted above, was adopted by reference in the Objections) that the ALJ's conclusion that HJS does not have any impairment listed in Part B of Appendix 1 to Subpart P is not supported by substantial evidence. Plaintiff also contends that the ALJ's findings that HJS's functional abilities in the domains of attending and completing tasks and interacting and relating to others are less than marked is not supported by substantial evidence.[2] Accordingly, the questions before the Magsitrate Judge were whether there is substantial evidence in the record to support the ALJ's finding that HJS's impairments do not meet Listing 112.11 and that HJS's impairments are not "functionally equivalent" to a listed impairment.

In order to meet Listing 112.11, a plaintiff must demonstrate that the claimant has medically documented findings of (1) marked inattention, (2) marked impulsiveness, and (3) marked hyperactivity. 20 C.F.R. 404, Subpart P, Appendix 1, Section 112.11 (A). In addition a plaintiff must also show that the claimant has at least two of the following: (1) marked impairment in age-appropriate cognitive/communicative function, (2) marked impairment in age-appropriate social functioning, (3) marked impairment in age-appropriate personal functioning,

---

[2]   Plaintiff has not challenged the ALJ's conclusion that HJS did not have a marked or extreme limitation in the domains of (1) acquiring and using information; (2) moving about and manipulating objects; (3) caring for yourself; and (4) health and physical well-being. See Pl.'s Mot. at 9-15.

or (4) marked difficulties in maintaining concentration, persistence or pace.  Id. at 112.11(B) (citing 20 C.F.R. 404, Subpart P, Appendix 1, Section 112.02(B)(2)).

As Magistrate Judge Rueter observed, the record in this case indicates that no medical source has concluded that HJS has a listing level impairment.  The ME, state agency psychologist, and examining psychiatrist at HJS's treatment center all reached the same conclusion that HJS did not have a listing level impairment.  Accordingly, the Magistrate Judge found that there was substantial evidence to support the ALJ's conclusion that HJS did not meet the requirements of Listing 112.11.  Based on the medical evidence in the record, the Court concludes that there is no plain error in the Magistrate Judge's finding.

The "functional equivalence" of a child's impairment to a listed impairment depends on the degree to which the impairment interferes with the child's ability to function in each of six domains: "(i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being." 20 C.F.R. § 416.926a(b)(1).  For an applicant's impairments to be considered "functionally equivalent" to a listing level impairment, he or she must have either "marked" limitations in two domains or "extreme" limitations in one domain.  20 C.F.R. § 416.926a(d).  A "marked" limitation is defined as an impairment that "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).  An "extreme limitation," is defined as an impairment that "interferes very seriously with your ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3) (emphasis added).

After applying the test to HJS's impairments, the ALJ found that HJS does not have an

"extreme" functional limitation in any domain, has less than marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for himself, and has no functional limitations in the domains of moving about and manipulating objects and health and physical well-being.  R. at 18-20.  Magistrate Judge Rueter found that substantial evidence supported the ALJ's conclusion.  The Court agrees.

        **1.**      **HJS's limitation in attending and completing tasks**

In her summary judgment motion, Plaintiff challenges the ALJ's finding that HJS's limitation in the domain of "attending and completing tasks" was "less than marked."  In her evaluation of HJS's functioning in this domain, the ALJ noted that "he has some distractibility at home and school" and was "observed to be fidgety while in his chair."  R. at 18.  The ALJ nevertheless went on to conclude that the "distractibility" and fidgeting problems HJS has experienced do not rise to the level of a "marked" limitation, noting that (1) HJS has also been described as "cooperative, talkative and engaged," (2) his distractibility has been improved since being placed in a learning support classroom at school, and (3) he has shown improvement despite missing the therapeutic camp experience that was recommended for him.  R. at 19.

The Magistrate Judge determined that the ALJ's findings are supported by substantial evidence in the record.  The Court agrees with this conclusion.  In the domain of "attending and completing tasks," the severity of a child's limitation, i.e., whether it is moderate, "marked" or "extreme," depends on "how well you are able to focus and maintain attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform the activities and the ease with which you change them."  20 C.F.R. § 416.926a(h).  The question, therefore is not whether HJS's impairments interfere with his ability to focus and maintain

attention, but the degree of that interference.  A review of the evidence in the record suggests that the interference could reasonably be characterized as less than marked.

### 2. HJS's limitation in "Interacting and Relating to Others"

Plaintiff's summary judgment motion also challenges the ALJ's finding that HJS does not have a functional limitation in the domain of "interacting and relating to others."  The ALJ noted with respect to this domain that HJS "has good peer relationships at school" but "poor relations with siblings."  R. at 19.  However, the ALJ explained that since HJS is able to control his behavior at school, "[p]art of the problem at home may be a disciplining/parenting problem."  Id.  She also noted that HJS's sisters were able to take him to the playground and the neighborhood pool without any problems.  Id.

The Magistrate Judge found that the ALJ's conclusions were supported by substantial evidence.  The Court agrees.  In the domain of "interacting and relating to others," a child's limitation is measured by "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others."  20 C.F.R. § 416.926a(I).  Based on HJS's ability to interact with others outside the home, it is not unreasonable to conclude that HJS's ability to interact and relate to others was less than marked.

## VI. Conclusion

Plaintiff has made no specific objections to Magistrate Judge Rueter's Report and Recommendation that would require the Court to conduct a de novo review.  The Court concludes that there is no plain error in Magistrate Judge Rueter's finding that the ALJ's decision to deny Plaintiff benefits is supported by substantial evidence in the record.  Accordingly,

Plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be granted. An appropriate Order follows.

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RHONDA D. SHAIRD, on behalf of HJS** | : CIVIL ACTION |
| | : |
| v. | : NO. 05-CV-3720 |
| | : |
| **JO ANNE B. BARNHART,** *Commissioner of the* | : |
| *Social Security Administration* | : |

## ORDER

**AND NOW**, this 11th day of October, 2006, the Court having considered the parties' Motions for Summary Judgment and reviewed the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, Plaintiff's Objections, and the entire record, including the ALJ's decision, the transcript of the hearing, and the hearing exhibits, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment is **DENIED**;

3. Defendant's Motion for Summary Judgment is **GRANTED**;

4. Judgment is **ENTERED** in favor of Defendant; and

5. The Clerk of the Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**